Case number 17-1864 Robbie Ohlendorf et al. v. Local 876 United Food and Commercial Workers International Union Oral argument not to exceed 15 minutes. Amanda K. Freeman for the appellant. You may proceed. Good morning and may it please the court. My name is Amanda Freeman and I am here on behalf of appellants Robbie Ohlendorf and Sandra Adams. I would like to reserve three minutes for rebuttal. This case is about requiring an individual to run through procedural gauntlets in order to simply notify the union and her employer of her revocation. Specifically, whether a union legally can impede an employee's revocation notification by placing window period and certified mail restrictions on it. The United States Supreme Court has already held that impediments to check off revocation notifications are illegal. Yet, the district court did not even address that decision. Can I ask just one question? Since this litigation has been going on for a while, has the notification worked since then so that the injunction part of the case is gone and there's just damages? For one of the employees, yes your honor, Sandra Adams, she was able to revoke within the next window period. Why not the other one? They just... Mr. Robbie, Mr. Ohlendorf, he actually decided not to attempt because he believed that the restrictions... Can I stand on his rights? Yes, but he is no longer employed at Olsen. So that means really the injunctive part of the case is over. We would argue that it's not, that you can order injunction for permanently enjoining the union from enforcing this restriction against Sandra Adams because she's still employed at Olsen Food. But she's no longer doing the check off. She is not, but she's still in the future to enjoin any application to her. But in addition to that, there's the equitable restitution. She did seek damages, right? Yes, sir. We sought damages and equitable restitution here. What would the damages be? Oh, getting the money back from... Yes, your honor. Okay. All right. I thought it was going to be Article 3 day. We have another case with an Article 3 issue. Thankfully prepared for that. Local 876's notification impediments here are not permitted by Section 302, which provides for a private right of action and are in violation of its duty of fair representation. First... Where does it so provide? Yes, your honor. Congress expressly provides for this private cause of action in 302E by stating that judicial court shall have jurisdiction to restrain violations of this section. And it's in providing that right. I'm sorry. Section 302E. 302E. 29 U.S.C. 186E. Okay. And it says that district court shall have jurisdiction to restrain violations of this section without regard to the provisions of Section 17 of Title 15 and Section 52 of this title. Section 52 of this title is important because Section 52, Congress removed court's jurisdiction to grant injunctions between actions between private parties. If Section 302 did not apply to private parties in the first instance, this exception to Section 52 would be irrelevant. Yet... Are there other private rights of action within 300, like 301 and 303? Yes, your honor. Why isn't the way to think of 302E is providing jurisdiction for those private rights of action as well as for the AG injunctions? That is one way the sister statutes provide it, so therefore this one would also provide it. Another way of thinking of it, your honor, is that Congress did not expressly provide for the government to have the sole jurisdiction over this issue or to bring these actions before the courts. And the whole purpose of Section 302 is to protect employee rights. I'm not quite sure, maybe I'm misunderstanding, but Section 302, don't Sections 301 and 303 contain their own jurisdictional grant? Yes, your honor. And therefore you don't need to derive jurisdiction from Section 302 because 301 and 303 both have both a cause of action and a jurisdictional grant. Is that correct or am I... No, your honor. Section 301 and 303... 301 deals with breaches of contract, 303 deals with secondary boycotts. 302 deals specifically with the general rule that unions and employers can't transfer money or thing of value. And so pulling jurisdiction from another statute when 302 itself provides for the private right of action, I don't think it's necessary to turn to those other statutes. I think we're... So Sections 301 and 303 both specifically allow for a private right of action. Or no, I'm sorry, they don't, but they both have a jurisdictional grant in them. Is that correct? And then Section 302 does not have a private right of action, but your argument is, or what Judge Sutton was trying to get at, is that he believes that Section 302 provides jurisdiction to bring the claims in 301 and 303. I did not understand that. That was your question, right? Your point is, what does 302e mean, right? It doesn't provide a right of action, right? My point is it expressly provides a private right of action. And it doesn't provide a right of action to 301 and 303, it provides a right of action to bring violations of Section A and B of 302. 301 and 303 deal with the prohibition on injunctions in labor disputes? 301, the courts have addressed that, and they said that 301 did not specifically provide a prohibition on, or an exception to, Section 52, but courts have since then held that in looking at the entire policy, they can bring injunctions. Maybe that's another role for 302e, because 302e is quite express about saying, don't worry about the prohibition on injunctions. Yes, Your Honor, but the issue is whether or not you can bring a Section 302 violation, not a 301 or 303 violation here. Maybe the better way to think about it, or not the better way, but another way to come at it is, 302e does look like a jurisdictional provision. And it's been a long time since the U.S. Supreme Court has identified a private right of action through a jurisdictional provision. So, what would be the response to that way of thinking about it? It would be to look at the plain language of the statute, and then if, even though it's been a while, to use this test if you don't think it's expressly provided, look at whether it's implied in there. And even under the implied test, as was noted by the lower court in this jurisdiction in Patterson, they said there's a four-part test to whether or not a statute provides private right of action. And here, it does meet that implied test, since Sandoval and all those cases addressing whether or not Congress explicitly or implicitly intended to provide a private right of action. Here, I believe it's explicitly provided, but even if you go to the implicit... What if in fact it's a criminal statute? That's the other oddity to me. Because I think of private right of action in 1983 cases as usually relating to civil statutes and civil standards of care. It seems a little... Even back in the days of implying rights of action all the time, I don't think they did it very often with criminal statutes. Am I wrong about that? I could not speak to the history of including criminal with a civil, but this court in Jackson Purchase noted that this statute provision provides a criminal and a civil remedy for violations... Is there a published order that refers to the U.S. Supreme Court decisions, am I remembering? Jackson Purchase was not unpublished, Your Honor. To my knowledge, it's 646 F2D 264. And then this court addressed... What year is that? 1981. And it addressed the fact that this statute provides for two distinct violations, both criminal and civil, and that in doing so, you can still bring a civil suit. And in this situation, the individuals can bring a private right of action because the whole purpose of Section 302 is to protect the employee in the dealings between the union and employer. And that's one of the four-part tests for implicit... Implying a right of action here. The employees are the special person for whose purpose the statute is for. And Congress intended and provided an express remedy by giving federal courts jurisdiction to restrain violations here. And Section 302 situations have not been granted to state courts to adjudicate. It's been left to the federal courts and federal jurisprudence. So because there's a private right of action, I'd like to turn to the issue and the merits of a Section 302 violation. As noted, Section 302 prohibits the exchange of value of anything between a union and employer unless it meets one of the nine specific exceptions in Section C. The fourth exception is that issue here, Your Honors, which provides that the money can transfer between the two parties, so long as there is a written authorization authorizing this transfer from the employee that is irrevocable... is not irrevocable for more than one year or beyond the termination date of the collective bargaining agreement. This court has already acknowledged in U.S. Postal Service that this is the maximum that is permitted and this narrow exception to the general rule. Here, the union attempts to go beyond that by placing additional restrictions on this notification by stating... Now, I understand your argument, but I'm not sure how it's consistent with the meaning of the word irrevocable. So the statute says it shall not be irrevocable. And irrevocable means not subject to revocation. And here, correct me if I'm wrong, it would seem that, in fact, the assignment was subject to revocation. It just had a bunch of limitations on that. Those were ones that your client agreed to in a contract. But apart from that, the important thing is it was, in fact, subject to revocation. You just had to go through certain procedures, which your client didn't. So why isn't it not irrevocable or revocable? Two reasons. In this instance, yes, it provided for a one-year irrevocability. The union decided to choose the maximum permitted. But here, by placing these restrictions on the notification that you want to revoke it at the end of that irrevocability period, it restricts that revocation so it's irrevocable for more than one year. Well, it would have been revocable. I mean, it would have been, in fact, revoked if they had served it in the manner they're supposed to and within the time frame they were supposed to. They just didn't do it. The second point would be to that, Your Honor. You cannot enter into contract that violates the statute. The statute specifically delineates what is permitted for the narrow exception. Would it violate the statute to say the revocation must be in writing? That is not at issue, Your Honor. That's a hypothetical question. I mean, would it? Because it requires a writing to authorize it, no, it would not be improper to violate it. What if they gave you a three-month window or a four-month window? That would be beyond the maximum permitted by the statute. It's a ceiling. The maximum what? Permitted, the maximum length that you can have a checkoff authorization irrevocable. Here we're not stating that it's irrevocable. I mean, you can revoke it. You just have to give us notice within a three-month window. I mean, would that really be a problem? Yes, Your Honor, it is because by turning a blind eye and deliberately ignoring a revocation for 350 days a year, you're – I understand this is a tighter window. And I understand there's a certain efficiousness that one might react to, it seems, with that. But if this is no good, where do we draw the line? I mean, is it a month? Is it four months? And on what basis are we drawing these lines? Why not just say if you agreed to it, then you're kind of stuck with that for the year? The United States Supreme Court actually provided guidance on this very issue, Your Honor, in Felter. They looked at a revocation notification restriction there, and the Supreme Court said that unions are not allowed to treat as nullities revocation notifications that are clearly intended as such and about which there's no question about. There was no agreement with the employee in that case. They were members of the union agreeing to the terms of the – The employer, but not with the employee. But it doesn't matter whether the agreement is between the union and the employer or between the individual and the union. You can't agree to restrictions that violate the statute, Your Honor. No, that is an accurate statement of the law as to you can't do that kind of agreement. Does the one year – this rule of yours start anew every time there's a new collective bargaining agreement?  So if we adopt your rule, everything would start afresh with the new collective bargaining agreement? Your Honor, that is a second period. There's two periods of when it can be irrevocable. One is on the – here the union's chosen the anniversary date of the checkoff authorization. The second one would be the collective bargaining agreement. So, yes, the collective – they call it non-anniversary window. That non-anniversary period would renew or it would be applicable whenever that next three- year contract was entered into. Okay. All right. You got your full rebuttal? Thank you. We'll hear from the other side. Good morning, everybody. My name is Douglas Corny. I represent UFCW Local 876. And the source of the dispute in this matter is a document entitled Voluntary Checkoff. And I should add at the beginning it was voluntarily entered into. There's no claim, there's no allegation that the union used any sort of untoward activity to get this card signed. Indeed, people have a Section 7 right not to have their dues checked. One feature of this that's – since you're starting with the merits is if I'm understanding this correctly, I mean I can imagine a window. I can get a window. I can even imagine it being 15 days. But if you miss the window, why wouldn't you hold on to the request for the next window? Am I right in understanding that that's not how it works? That's correct. It automatically rolls over. The statute was passed in 1940. Why not? Why not? Why wouldn't you let it roll over? I mean it's obvious. They certified mail. It's very clear they want to revoke. And I get you're saying you missed the window, but how can you say they missed the next window? Because they agreed to it. And the statute was passed in 1947. In 1948, the Department of Justice weighed in, and it had to give an opinion regarding a checkoff authorization card similar to the one in question. In that case, it only had a 10-day window period. And if you didn't hit the window period, the Attorney General said it automatically rolled over for another year. And that's what we have here. And I should add that Section 302 is – Maybe my question is not clear. Maybe I'm not understanding this. When you say automatically roll over, that's what I think would be reasonable. So you get them the certified mail on day 16. Correct. You missed that window. Right. And I thought the way you did it is you wouldn't allow that to count for the next 15-day window. Am I wrong about that? Well, it automatically rolls – It comes too early, in other words. So you missed window one. Okay. But then now you've got it on day 16. Uh-huh. The next year, you've got this revocation in your hand, but it's too early. It misses that 15-day window by giving you too much advance notice. Uh-huh. How are you harmed by having too much notice, I think is the question. Yeah, but maybe he's telling us that they would accept it. Would you accept that revocation request? For the next window period? No. Okay, well, then what's the answer to her question? The question is, why not? Because that's something the employee – remember, the union has not constrained or restrained anyone. They voluntarily – So you're saying, as a legal matter, they agreed to this. Correct. But there's no purpose to it. Well – What's the purpose? It provides some continuity. It provides some certainty. We give this card to them. They agree to it. If they don't, they agreed that they would submit their revocations by certified mail within the period. If they don't, they further agreed that it would then roll over for another year. And as I say, we did not require or restrain these individuals from doing anything. They did it on their own. Just to, I mean, round out the, you know, what's the purpose type questions, what's the problem with personal service of a notice as opposed to certified mail? Why in the world would you disregard that? If you have a window period. Right. And if the window period is legal, which we believe it is, and conforms with the statute, then the certified mail requirement provides continuity. It provides certainty. You know exactly when the document was sent. Let's say somebody shows up and gives you personal service of it, which one of these folks did, maybe outside the window. But hypothetically, somebody shows up at the union office and says, here's my card. I don't want to entrust it to the mail. Here's my card. I'm in the window. Let me out. And that's not good enough? Correct. It just seems crazy. Why? Because, well, they agreed to it. We didn't force them to sign this card. We didn't force them to enter into this agreement. They did so voluntarily. So if they agreed to a ten-minute window and you have to stay in a line, and if you can't get in in the ten minutes, we would say that's fine under this statute? Well, no. Then the question becomes, is the window period reasonable or not? There was a case. Where does that come from? Yeah. Pardon? Where does that come from, the reasonable rule? We could judge whether or not the window period was reasonable. Well, there was a case. I'm not sure whether it was decided by this circuit or not, where there was a ten-day window period and a certified mail requirement, and the court said that was unreasonable because, well, it was a ten-day window period, and the court said that was unreasonable. In this case, there's a 15-day window period. And in the decision issued by the opinion issued by the Department of Justice, it was a ten-day window period, and the Department of Justice said that conforms with the statute, and it should be noted. Well, we're not bound by the Attorney General opinion, so what if we think 15 days is unreasonable? Well, did the parties agree to it? They did. And then so this card is not something the union just pulled out of thin air. It was based upon it conforms with existing NLRB decisions. It conforms with existing court decisions. So this is a very common provision throughout the country, and every case – Is the NLRB in a criminal case? Well, that's a good issue, and I would say no. The statute is criminal in nature. It's designed to deal with labor management racketeering, with bribery, extortion, and it sets out a very logical progression. Section 302A and B spell out conduct – What's your response to your friend's argument that 302E creates the private right of action? What's your thinking about that? I would say no, because 302E, what it does is grants to the Attorney General or the Department of Justice an option. Under a violation of Section 302, the consequences are set forth in D. It's a felony. There's possible imprisonment. And this gives the Justice Department, in addition to criminal sanctions, the capacity or the ability to go into court and get a restraining order, but it does not create a private cause of action. Do they need that? Without 302E, would they not be able to get this injunction? I don't believe so, because of the Clayton Act and because of the Norris-LaGuardia Act. The Norris-LaGuardia – those two statutes, I think, clearly, in my opinion, clearly deprive federal courts of the authority or the jurisdiction to issue restraining orders in labor cases, and this would be such a case. Only when they're brought by the Attorney General as a criminal. I believe that's the – in other words, the answer, in my opinion, is yes. So 302 has a very illogical progression. You set forth what's deemed to be inappropriate, and then Section 302C4 sets forth an exception for dues. Section 302 – I'm sorry. Hasn't the Supreme Court said that neither the Norris-LaGuardia Act nor the Clayton Act apply in government actions? I don't believe so. I mean, I thought that was the – I thought that was the import of the United States mine workers. I don't believe so. Are you wrong about that? Well, you ask my opinion, I'm giving it. Okay, fair enough. Well, he doesn't have a lot more to say. What about – Well, let me just say – Well, can I just – Yeah, sure. Does 302E allow for money damages? No. I mean, even the Attorney General? No. This is a criminal statute. It's criminal. So now you have somebody who's violating the law. What do you do? You prosecute them under D. Do you agree with what the other side, I think, was suggesting, that the injunction part of this case is now moot? Well, I just learned now for the first time that these people are no longer employed by the – Well, it seems like it's still – I forget the name of the employer. It's a grocery store. Yeah, it's a grocery store in northern Michigan. Of all places for a big case to arise. Well, what do you mean? It's a great part of the state. Oh, no, it's a lovely part. You should convene the court there. Be careful. I'm going to just tell you, you do not want to go there with him. But what I'm trying to get at is they did see – I want to make sure we have a live controversy, right? They saw damage as an injunctive relief. Correct. It seems like the injunctive relief is moot one way or another, but the damages would not be because presumably they want the union dues back that they think they shouldn't have had to pay. So I think we would be in agreement on that, but then you would say – well, you would just say what you said before. 302E does not allow for money damages. And I should note that when the Congress wanted to create a private cause of action, a private remedy, it knew how to do so. 301 and Section 303. Section 303 deals – I think it deals with 8B4 conduct, namely secondary boycotts. Did you hear Judge Larson's question, the point she made about 301 and 303, that they not only create a private right of action, but they specifically establish jurisdiction? That's right, for cases involving secondary boycotts. Now, a secondary boycott is an unfair labor practice. An employer has the right to file a charge at the NLRB. But they also have an option to go into court and seek money damages. So the Congress very clearly and straightforwardly set forth the ability to – a cause of action. Same thing with 301. But then look at 302E. You do not have that clear congressional intent. And it takes place in the context of a criminal statute. So you say – I'm sorry, Your Honor. But what troubles me is then what is 302 doing? Because 302, when it says – 302 only gives jurisdiction to restrain violations of this section. If 301 and 303 already contain a jurisdictional provision, then 302 must be giving just jurisdiction for this section. What is 302 doing if it isn't creating a private right of action? What's the point of 302? Well, the point is simply to give the attorney general, the U.S. attorney, whomever, the authority to go into court seeking to restrain certain misconduct on the part of either employers or unions. They say – Which you maintain they would not have absent that section. Correct. Norris LaGuardia and – Correct. I don't have 301 and 303 in front of me, so forgive me for not knowing this. But do they spell out that you don't have to worry about Norris LaGuardia in 301 and 303? Because that could be the other thing 302e is doing, right? It's about injunctions, and it could apply in private setting injunctions. And it could be relevant because, again, 301 and 303 maybe don't have this don't worry about Norris LaGuardia language. The precise language escapes me. Do you know the answer to that? I don't. I don't. And I apologize. I should know that. I don't know what it is. But as they say, it's designed – one is a breach of contracts. The other deals with secondary boycotts. But I think I may be running out of time, but let me just say this. You ask about our card. As they say, the union didn't pull this card out of thin air. We looked at the attorney general opinion. We looked at all of the decisions rendered by the National Labor Relations Board, and we looked at all the court cases. Among other things, the plaintiffs claim that the union breached its duty of fair representation. They suggest that it acted in a totally arbitrary, capricious, irrational manner. That's the standard, irrationally. Did the union act in an irrational manner when it picked up every court case in town, when it looked at all of the NLRB decisions? One other question. Let's just say you're right about the private right of action point, hypothetically. Could they take this same problem, everything else about the case is the same, and go to the NLRB and say this is an unfair labor practice? Would that – I'm not saying what the NLRB would do with that decision, but would the NLRB have authority over that lawsuit? I guess, Your Honor, it raises one of the good questions in this case, because what we're – well – Isn't there some authority that you can go to the – because a lot of these cases usually went through the NLRB. They do go to the NLRB. Doesn't that suggest the NLRB has jurisdiction? That's correct. That's not a big concession. It's really not much of a question. Well, it is a question, and my response is that, indeed, people go to the NLRB all the time, and the NLRB has passed on this issue time and time again. The General Counsel – as far as I know, every administrative agency has a General Counsel, and they issue memos of one sort or another all the time, and those memos serve as a standard by which the parties can measure their conduct. In this case, the NLRB General Counsel issued a memo saying it's appropriate to have a revocation take place by way of certified mail. So what did the union do? It adopted that. Did the union then act totally irrationally when it adopted a position set forth by the NLRB General Counsel? I don't think so, in my opinion. All right. Well, I think we understand your argument. Thanks so much for answering our questions. Next time we'll meet in Charlevoix or Petoskey. Marquette. Marquette. That's a little bit too cold this time of year. Thank you very much. Thank you. Okay. Ms. Freeman. First, this statute is not just a criminal statute. This court in Mercy Memorial Hospital in 1988 and in Jackson Purchase acknowledged that it is a criminal and civil statute, that there's a civil liability there. And in Mercy Memorial Hospital, it says specifically that Section 302 is an independent liability-creating statute enacted by Congress to provide additional judicial remedies for certain wrongful conduct. Well, I mean, it depends what part of 302 you're talking about, right? It's violations of Section A and B of 302. And this issue is not- To answer to the point of what's the downside of going to the NLRB? How does that prejudice you? We'll take this exact same claim, the facts and everything. What's the downside? The NLRB does not have jurisdiction over 302 violations. The posture you would most likely have to bring it in in the NLRB is as a Section 7 or 8 violation. That's a different issue there. And the board itself has acknowledged it has no right to restrain violations of Section 302. So that leaves this court with the jurisdiction to address these issues and to restrain violations. I thought a lot of these exact types of checkoff claims had been going through the board, and I was trying to figure out if there was a disadvantage to that route, and I couldn't. The disadvantage is the board cannot address the 302. So you just think I'm wrong. There are no such cases with this type of claim that went to the NLRB because I really thought there were quite a few. The board will usually address 302 claims if they are brought up as a defense to why the union did or did not violate a section right there, but it's typically not brought as a Section 302. You cannot bring it outright as a Section 302 violation. I don't know, but it's an unfair labor practice. You could, but this also is an independent liability statute that you can bring before the federal courts. Congress specifically provided for this to be brought to the board. You could bring it as an unfair labor practice claim. You could. Correct? And when the board's looking at that claim, they're looking at 302. They would also be looking at the right to restrain, whether or not you have the freedom to refrain from financially supporting a union. And then they would potentially look at it through the purview of 302, but there would be two potential violations there before the board, which this court, it would not be before this court. Has any other circuit, I should know this already, said that there's an implied right of action under this 302? Not that we were able to find, but there's a plethora of cases that have addressed whether or not there's a violation of Section 302. So, in other words, other circuits have adjudicated the claim without addressing the question whether there's a cause of action. Yes, Your Honor. Is that quite right? I mean, I didn't think there were many 302 claims in federal court. I thought most of the time this comes up is through NLRB actions. We cited in our letter brief the courts and jurisdictions, I believe it was the D.C. Circuit, the Second Circuit, and the United States Supreme Court itself has addressed private rights of action between parties. Is this the Justice Scalia opinion? I don't know if Justice Scalia wrote it, but in Sinclair, Demacy, the Demacy decision, the local 144, I think that was Stevens. But in those cases, this issue wasn't raised. And the claim lost. The claim lost, but not on grounds because an individual lacked a private part. No one was raising the argument that we're talking about. I'm pretty sure I'm right about that, no? No, they did not, but that doesn't mean it's not a permittable private right of action here. Or that it's ever been raised before a court. It doesn't stand for anything is my point. It doesn't help one side or the other is all I'm saying. No, Your Honor, it doesn't. It does provide guidance of whether there's an implied right here because the third part of the test is what is the policy or purpose behind this act and all of those cases in addressing 302 has said it is to protect the employee here. It's not to protect the union from employees, but the employee from the union. And here, the issues are not moot. There's equitable restitution still available, which this court in U.S. v. I think we understand that point. If you had one other thing or anything else that you want to say. The test is not whether or not it's a reasonable restriction. The test is whether or not there's a legitimate interest reason behind it, and there is no legitimate reason behind the union's restrictions here. What about administrative? Why isn't it administratively easier to do this 15 days each year? I mean, I'm not defending it as good policy. I quite understand the objection because it seems designed to prevent people from changing their mind. But that happens. Why isn't it administratively convenient to say, certified male, it's got to be in the window, and we just ignore them otherwise? We don't want to have to hire some other folks to be implementing what would be a little more complicated regime. It's not administrative because each window period is different. It could be dependent on different days, different months, and so not only that. I just mean it's bright-line rule is, I guess, the way to put it. Isn't it a bright-line rule? I mean, that's true. Yes, there's no question. It's bright and harsh. It's very harsh, Your Honor. But there's no administrative purpose because the union, as soon as they receive it, could notify the employer that day saying, hey, on such and such a date, stop deducting dues. So there's no administrative function of when they receive it that this magical 15-day window suddenly makes their administrative function so much easier. It doesn't. And for that reason, there's no administrative or legitimate reason, as this court acknowledged in UAW when stating in finding window periods in certified mail, lack any legitimate reason. All right. Thanks so much. We appreciate both of your helpful briefs and arguments. The case will be submitted, and the clerk may call the next case.